## Courrier *et al. v.* Cleghorn *et al.*

Where an affidavit is made for a writ of attachment against only one of two joint debtors, and does not show that the other is solvent or a non-resident, the attachment against the one should be quashed.

An attachment should only be issued when it seems necessary to secure the debt.

Where an affidavit is filed for an attachment against joint obligors, it should show that they all come within the provisions of the statute, or the writ should not be issued.

An attachment bond should be made for the benefit of the party against whom the writ is issued.

Appeal *from Mahaska District Court.*

*Opinion by* Kinney, J.   The appellants filed their petition against Courrier & Adams as late partners, claiming the sum of three hundred dollars, and stating as the cause

Courrier v. Cleghorn.

of such claim, that the defendants executed a promissory note to the plaintiffs for the sum of two hundred and sixty nine dollars and ninety-seven cents, a copy of which is given and reads as follows:

$269,97.                                   Keokuk, June 10th, 1851.

Thirty days after date we promise to pay to the order of Cleghorn & Harrison, two hundred and sixty-nine 97-100 dollars, for value received, negotiable and payable at Keokuk without defalcation or discount and with interest at maturity, at the rate of ten per cent. per annum.

COURRIER & ADAMS.

An affidavit was filed by Cleghorn in which he states that Royal S. Adams, one of the firm of Courrier & Adams is about to dispose of, or remove his property out of the State, without leaving sufficient remaining for the payment of his debts, and that Andrew Courrier and said Royal S. Adams, late trading under the firm and style of Courrier & Adams, are indebted, &c. A writ of attachment is asked to issue against the goods and estate of said Adams.

A bond was filed, payable to said Courrier & Adams, and conditioned for the payment of all damages which the *defendants* might sustain by reason of the wrongful suing out of the attachment upon this affidavit and bond, a writ of attachment was issued against the goods and estate of said Adams, by virtue of which his real estate was duly attached.

The defendant, Adams, came into court and filed a motion to quash the attachment for the following reasons: 1st, There is no sufficient bond on file. 2nd, The writ is issued against only one of the firm and should have been against both. 3d, The affidavit is only against one, and the motion against both. 4th, There is a variance between the petition and a writ of attachment; the attachment is against one of the defendants. This motion the court overruled, and as we think improperly. The note was a firm note, and the petition sets forth that the defendants as a late firm &c., are

Courrier *v.* Cleghorn.

indebted. Both the defendants are sued. The affidavit states that Royal S. Adams is about to dispose of his property, &c. The bond is given to the defendants, and the writ issues against Adams. These proceedings are irregular and the writ of attachment should have been quashed by the court. The note being a partnership note, given no doubt for the benefit of the firm, unless there was some evidence that Courrier, one of the late firm, was insolvent, and also that there was not partnership assets for the payment of the debt, an attachment ought not to issue against the private property of an individual member of the firm. The showing of the plaintiff in his petition, affidavit and the note, clearly establish the fact that these men were partners in business, and, that whatever the note was given for, was for the use of the firm, and we think because one of the members of the firm was about to dispose of his private property, unless there is something in the affidavit to raise a presumption against the solvency of the other joint obligor, that an attachment cannot issue. The object of an attachment proceeding is to enable a creditor to secure the collection of his debts. It is a violent remedy, and never was intended to be given only when the absolute safety of the debt would seem to depend upon a resort to this remedy.

The plaintiff should always make out by his own showing a *prima facie* case, by bringing himself within the requirements of the law, and then the writ in the first instance is a writ of right.

The statute in all its essential provisions should be substantially complied with, or he will take nothing by his proceeding. In this case it ought to have appeared in the affidavit that the defendants were about to dispose of their property, &c., or some reason offered why the plaintiff could not so state, either that the other defendant was a non-resident, or insolvent, or deceased—some excuse so as to inform the court why he proceeds against the private property of

only one of the obligers. For aught that appears in the affidavit, the firm, as such, was entirely responsible, and both obligors as such, in no way liable to this proceeding. Then we say, on a joint note like the one in this case, the affidavit must be filed against both to entitle the plaintiff to this writ, or some good cause shown in the affidavit why it cannot be so made. It would be unfair and contrary to the spirit of the law to permit a man to proceed against the private property of a co-obligor when from aught that appears he could have collected his debt in the ordinary way, by proceeding against both. Again, the attachment in this case aught not to have been issued upon the bond filed. The bond is made payable to Courrier & Adams. It states that whereas the said Cleghorn & Harrison have this day sued out a writ of attachment in the above entitled cause, referring to the cause of Cleghorn & Harrison against Courrier & Adams, the principal sureties on the bond are only liable for all damages sustained by the defendants, Courrier & Adams. The object of a bond is to afford security to the person whose property is attached, in case the writ is wrongfully sued out. It will be seen that the bond in this case is not given to Royal S. Adams, the only person against whom the writ was sued out, and the only one who could be injured in the event that the attachment issued without sufficient cause. The bond is given and payable to a certain firm of Courrier & Adams. To the defendant attached, it does not afford the least security, and he could not in his name maintain an action upon it. A bond is absolutely necessary to be given to the adverse party in order to entitle the plaintiff to his writ. It is a condition precedent to the issuing of the writ, and all attachment proceedings without a bond are void. In this case there was no bond given to Royal S. Adams, and on this account the writ should not have been sued out. All proceedings therefore upon the writ are erroneous and

should be set aside. The judgment of the court annulling the motion to quash is reversed at the costs of the appellees.

Judgment reversed.

*J. A. S. Crookham*, for appellants.

*W. T. Smith*, for appellee.